A motion to set aside a judgment of foreclosure by default, and a sale of the property foreclosed, is properly denied, where defendant makes no affidavit of merits, does not show that he has been injured by the judgment and sale, nor dispute the validity of the conveyance under which the foreclosure and sale were had.

Appeal from special term, Saratoga county.

Henry A. Mann moved to set aside a judgment of foreclosure by default and sale of the mortgaged property, and all other proceedings founded on the judgment which was rendered in the action of Willard Lester against Henry A. Mann and others. The motion was denied, and Mann appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*C. H. Sturges*, for appellant. *Charles S Lester*, for respondent.

LEARNED, P. J. If the deed and the declaration created a mortgage, then there would be no doubt that the so-called "foreclosure" was proper. If, on the other hand, these instruments created a trust, then it would not be illegal for the trustee to apply to the court, so that under its sanction the power to sell the land should be exercised. It may not have been necessary to do this, but we see no harm in this course. The plaintiff was thus enabled to establish, in a legal proceeding, the existence and extent of the claims which were to be paid under the trust. The appointment of a new trustee by this court was made on notice to Mann, and he has not appealed from the order. It must stand as valid. In the complaint in this action the facts are all fully stated, and the judgment taken is that which is asked for. The defendant Mann makes no affidavit of merits, and shows nothing which indicates that he has been injured by the judgment and sale. He does not show that the debt as found by the referee was too large, nor does he dispute the validity of the deed of conveyance. We see no ground to reverse the order. Order affirmed, with $10 costs and printing disbursements against defendant Mann. All concur.

## MACARTHUR *v.* GORDON *et al.*

*(Supreme Court, General Term, Third Department.* May 27, 1889.)

TRUSTS—LIEN OF CESTUI QUE TRUST.

Where the declarant of a trust for the life of the *cestui que trust* fails to apply rents and profits to the use of the *cestui que trust* as provided in the declaration, the liability incurred thereby is personal, and is not a lien on the remainder held by the declarant in the property, to take effect on the death of the *cestui que trust*, though the declaration provides that in case of a sale there shall be an equitable lien on the proceeds.

On motion to settle and modify decision. For report of case on appeal, see 4 N. Y. Supp. 584.

*D. M. Westfall*, for appellant. *Matthew Hale*, for respondent.

PER CURIAM. We decided that the declaration of trust created a trust-estate in Gordon to receive the rents and profits and apply them to the use of Larmouth during the life of the latter. Of course the trust-estate would cease with the life of Larmouth. The remainder, after Larmouth's life, would belong absolutely to Gordon as his property. If Gordon failed to apply the rents and profits according to the trust, he would be personally liable to Larmouth, and he might also be compelled by a court of equity to perform his duty. But the personal liability which would thus be incurred by him would be no lien on the remainder above mentioned any more than upon any other property of his. That remainder, after the life of Larmouth, would

have no connection with the obligation of the trust. To illustrate: If there were a trust in A. to apply rents and profits to B. for B.'s life, with remainder to C. in fee, that remainder would not be equitably chargeable with rents which A. had neglected to pay to B., and the same would be true if the remainder in fee were in A., instead of C. This is not changed by the clause in declaration that in case of a sale there should be an equitable lien on the proceeds. What Gordon meant undoubtedly was that the proceeds should be held on the same trust. But in the present action the *cestui que trust* does not pursue the proceeds. He pursues the estate which we decided was taken by Davis on the same trust on which Gordon had held it. The liability then of Gordon and of Davis is not an equitable lien on the remainder after Larmouth's death, and their liability is to be enforced by execution; possibly by execution against the person as well as against property.